IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

PHILLIP JAMES WYNER                                                                                           PLAINTIFF

v.                                        Civil No. 4:24-cv-04024-SOH-MEF

HEAD NURSE STEVEN KING                                                                                  DEFENDANT

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is Plaintiff's failure to prosecute this action. Pursuant to the provisions of 28 U.S.C. §§ 636(b)(1) and (3) (2011), the Honorable Susan O. Hickey, Chief United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

### I.   BACKGROUND

Plaintiff initially filed his Complaint and Application to proceed *in forma pauperis* ("IFP") on March 27, 2024. (ECF Nos. 1-2). The Court granted Plaintiff IFP status on the same day. (ECF No. 3). In this same Order, Plaintiff was notified that it was his responsibility to keep the Court informed of his current address. Plaintiff was provided 30 days from any transfer or release to notify the Court of his new address. *Id.*

Defendant King filed a Motion for Summary Judgment on April 21, 2025. (ECF No. 19). On April 22, 2025, the Court ordered Plaintiff to respond to Defendant's Motion for Summary Judgment no later than May 13, 2025. (ECF No. 22). Plaintiff was also informed that failure to respond to Defendant's Motion would subject this case to dismissal without a trial. *Id.* This Order

was mailed to Plaintiff's address of record and it was not returned as undeliverable mail. Plaintiff failed to respond.

On May 14, 2025, the Court entered an Order to Show Cause ordering Plaintiff to show cause why he failed to respond to the Court's Order of April 22, 2025. (ECF No. 23). Plaintiff was again notified that failure to respond would subject this case to dismissal. Plaintiff's response was due on June 4, 2025. *Id.* This Order was mailed to Plaintiff's address of record and it was not returned as undeliverable mail. Plaintiff failed to respond.

Plaintiff has not communicated with the Court since August 23, 2024, when he notified the Court of his transfer to the ADC-Ouachita River Unit in Malvern, Arkansas. (ECF No. 12). Then on March 14, 2025, the Court received notification from Defendant's counsel that Plaintiff was currently housed in the ADC-Varner Unit in Grady, Arkansas. Plaintiff failed to notify the Court of this transfer or his new address of record; however, the Court confirmed Plaintiff was in fact housed at the ADC-Varner Unit and changed his address of record to reflect this on March 14, 2025. The Court has also confirmed that Plaintiff remains housed at the ADC-Varner Unit at this time. Finally, the Court notes all Orders to respond to Defendant's Motion for Summary Judgment were mailed to Plaintiff at the ADC-Varner Unit and were not returned as undeliverable mail.

## I.  DISCUSSION

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). The Local Rules state in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. ... If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without

2

> prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. FED. R. CIV. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

Furthermore, a dismissal pursuant to Rule 41(b) operates as an adjudication on the merits unless it is otherwise specified. FED. R. CIV. P. 41(b); *Brown*, 806 F.2d at 803. In considering a Rule 41(b) dismissal, the Court must balance: (1) "the degree of [Plaintiff's] egregious conduct;" (2) the adverse impact of the conduct on the Defendants; and (3) the Court's ability to administer justice. *Rodgers v. Curators of University of Missouri*, 135 F.3d 1216, 1219 (8th Cir. 1998) (internal quotations omitted). In *Rodgers*, the Eighth Circuit provides the standard the Court must consider before dismissing with prejudice for failure to prosecute:

> Dismissal with prejudice is an extreme sanction and should be used only in cases of willful disobedience of a court order or . . . persistent failure to prosecute a complaint. [The Court must consider] . . . whether in the particular circumstances of the case, the needs of the court in advancing a crowded docket and preserving respect for the integrity of its internal procedures are sufficient to justify the harsh consequences of forever denying a litigant of his day in court. However, the [Court] need not [find] that appellant acted in bad faith, only that he acted intentionally as opposed to accidentally or involuntarily.

*Id.*

As evidenced by the docket, Plaintiff has failed to comply with the Court's Orders. Despite two Orders from the Court directing Plaintiff to respond to Defendants' Motion for Summary Judgment, Plaintiff failed to do so. As neither of the Orders directing Plaintiff to respond to Defendant's Motion for Summary Judgment have been returned as undeliverable, the Court must conclude that Plaintiff received the Orders and intentionally chose not to prosecute his claims through a response. Further, Defendant has expended resources in discovery and filing of his Motion for Summary Judgment. Accordingly, the Court finds dismissal with prejudice is warranted here. *Rodgers*, 135 F.3d at 1219.

## II.  CONCLUSION

Therefore, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), the undersigned hereby RECOMMENDS that Plaintiff's Complaint (ECF No. 1) be **DISMISSED WITH PREJUDICE**.

**REFERRAL STATUS: The referral in this case shall be terminated.**

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.**

DATED this 25th day of July 2025.

/s/ *Mark E. Ford*
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE